IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MANUEL LOZANO : | |
| : | |
| Plaintiff, : | Case No.: <u>1:17-cv--03915</u> |
| : | |
| v. : | |
| : | |
| THE BANK OF NEW YORK : | |
| MELLON FKA THE BANK OF NEW : | |
| YORK, AS TRUSTEE FOR THE : | |
| CERTIFICATEHOLDERS OF THE : | |
| CWABS, INC., ASSET-BACKED : | |
| CERTIFICATES, SERIES 2006-22, : | |
| SPECIALIZED LOAN SERVICING : | |
| LLC AND MCCALLA RAYMER : | |
| PIERCE, LLC, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF MCCALLA RAYMER
LEIBERT PIERCE, LLC'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

COMES NOW, Defendant McCalla Raymer Pierce, LLC f/k/a McCalla Raymer, LLC ("McCalla Raymer") and, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), file this their Memorandum of Law in Support of

1

the Motion to Dismiss the Complaint (the "Complaint" or "Pl. Compl.") filed by Plaintiff Wilene Jeffrey( "Plaintiff"), respectfully showing this Honorable Court as follows:[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A. Factual Background

The instant case arises out of and concerns the non-judicial foreclosure proceedings pertaining to the real property located at 2144 Cape Liberty Drive, Suwanee, Gwinnett County, Georgia 30024 (the "Property"). See ECF Doc. 1-1 pgs. 13-26. On or about November 16, 2006, Plaintiff obtained a loan, from America's Wholesale Lender (Wholesale") in the principal amount of $220,720.00 (the "Loan"). Contemporaneously with Plaintiff's retention of the Loan, executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Wholesale, and grantee under the terms of the Security Deed, conveying the Property to MERS as security for the Loan (the "Security Deed"). See ECF Doc. 1-1 pg. 14 ¶5. The Security Deed was recorded at Deed book 47427, Page 76 of the Gwinnett County, Georgia real property records. See ECF Doc. 1-1 pg. 14 ¶5.

---

[1] Additionally, "ECF Doc. ___" shall refer to this Court's docket entries in this case.

On or about April 25, 2011, the Security Deed was assigned to The Bank of New York Mellon fka The Bank of New York, not in its individual Capacity, but Solely as Trustee for The Benefit of The Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-22. (the "Bank of New York"). The assignment was recorded on May 16, 2011 at Deed book 50681, Page 661 of the Gwinnett County, Georgia real property records. See ECF Doc. 1-1 pg. 14 ¶5

The Property was sold at foreclosure on December 6, 2016. See Pl. ECF Doc. 1-1, pg 15 ¶ 6. Bank of New York was the high bidder.

B. Procedural History

Plaintiff filed this case originally in the Superior Court of Fulton County, Georgia on August 31, 2017. On October 5, 2017 the case was removed to this Court.

The Complaint alleges the following causes of action/claims for relief: (1) a Declaratory Judgment as to whether Defendants failed to follow loss mitigation regulations. See ECF Doc. 1-1.

McCalla Raymer now moves to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **ARGUMENT AND CITATION OF AUTHORITY**

A. <u>The Standard for Relief</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (alteration supplied). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1965; <u>see also Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949-50.

Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1965. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (alteration in original) (quoting <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. at 1955).

A plaintiff must provide "the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." <u>Charles H. Wesley Educ. Found., Inc. v.</u>

Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (quoting U.S. v. Baxter Int'l., Inc., 345 F.3d 866, 881 (11th Cir. 2003)); see also Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1950 (noting that Rule 8 "does not unlock the doors [. . .] for a plaintiff armed with nothing more than conclusions"). Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 007).

Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2001). The Court may dismiss a complaint "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

    B.    The Complaint fails to state a claim against McCalla Raymer upon which relief may be granted

The Complaint is entirely absent as to any allegations or facts as to McCalla Raymer. Accordingly, the Plaintiff has failed to state a claim against McCalla Raymer, and must be dismissed as to McCalla Raymer.

As is shown above, in order to survive a motion to dismiss**, the Plaintiff's claims must possess factual allegations** that contain enough heft to show that the Plaintiffs may be entitled to the relief they are seeking. *Stephens*, 550 F.3d at 1282. (emphasis added). Additionally, "**[a] claim has facial plausibility when the plaintiff pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. (emphasis added).

The Plaintiff claims that the Defendants did not properly comply with loss mitigation regulations and cites to the Real Estate Settlement Procedures Act ("RESPA"), as well has mortgage servicing rules issued by the Consumer Financial Protection Bureau.

However, this claim fails against McCalla Raymer – a law firm and not a loan servicer – as "RESPA does not provide for such a claim against foreclosure counsel or its employees." See *Jackman v. Hasty*, No. 1:10-CV-2485-RWS, 2011WL 854878, at *4 (N.D. Ga. Mar. 8, 2011), on reconsideration, No. 1:10-CV- 2485-RWS, 2011 WL 5599075 (N.D. Ga. Nov. 15, 2011). Accordingly,

any construed RESPA claim asserted by Plaintiff against McCalla Raymer in this action should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, the relief Plaintiff seeks is unavailable in these circumstances as they relate to McCalla Raymer.  Plaintiff is requesting a declaratory judgment under O.C.G.A. §9-4-1. The purpose of this section of the Georgia Code "is to settle and afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations." O.C.G.A. §9-4-1.  McCalla Raymer, serving solely as counsel, has not and is not asserting any past or future independent rights, status or other legal relations to the Property or the Loan in question.  "To proceed under a declaratory judgment a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests" *Porter v. Houghton*, 273 Ga. 407, 408, 542 S.E.2d 491, 492 (2001).

Even if McCalla Raymer was governed by RESPA, which it isn't, and even if McCalla Raymer was asserting an independent right to the Property and Loan, which it isn't, a declaratory judgment is not proper in this instance.  "Where the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action, a declaratory judgment

7

would be 'advisory.' " *Baker v. City of Marietta,* 271 Ga. 210, 214(1), 518 S.E.2d 879 (1999).  In the instant case, the rights of the parties have accrued.  The foreclosure has occurred, and the property is now vested in the Bank of New York.

## CONCLUSION

Based on the foregoing, McCalla Raymer respectfully requests that this Court **GRANT** McCalla Raymer's Motion to Dismiss and dismiss McCalla Raymer as a party to this action pursuant to Federal Rule of Civil Procedure 12(b)(6) as no claim is raised against McCalla Raymer in the Complaint.

Respectfully submitted, this 12th day of October, 2017.

<div style="margin-left: 50%;">

**MCCALLA RAYMER LEIBERT PIERCE, LLC**

/s/ *Jonathan H. Kasper*
Jonathan H. Kasper
Georgia Bar No. 147895
*Counsel for McCalla Raymer Leibert Pierce, LLC*

</div>

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mccalla.com

## **CERTIFICATION**

The undersigned further certifies that this document has been prepared in accordance with the formatting requirements designated in Local Rule 5.1.

Respectfully submitted, this 12th day of October, 2017.

                                      **MCCALLA RAYMER LEIBERT PIERCE, LLC**

                                      /s/ *Jonathan H. Kasper*
                                      Jonathan H. Kasper
                                      Georgia Bar No. 147895
                                      *Counsel for McCalla Raymer Leibert Pierce, LLC*

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mccalla.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **DEFENDANT MCCALLA RAYMER, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** electronically via the ECF system to registered users and by United States Mail, postage pre-paid, in a properly address envelope to:

<div style="text-align:center">

Manuel Lozano
2144 Cape Liberty Drive
Suwanee, GA 30024
*Plaintiff pro se*

</div>

Respectfully submitted, this 12th day of October, 2017.

**MCCALLA RAYMER LEIBERT PIERCE, LLC**

/s/ *Jonathan H. Kasper*
Jonathan H. Kasper
Georgia Bar No. 147895
*Counsel for McCalla Raymer Leibert Pierce, LLC*

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mccalla.com